**SQUIRE PATTON BOGGS (US) LLP**
Katharine J. Liao, Esq.
Lauren Herz-DerKrikorian, Esq.
1211 Avenue of the Americas, 26th Floor
New York, NY  10036
Tel. (212) 872-9800
Email:  katharine.liao@squirepb.com
           lauren.herz@squirepb.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARADISE MORGAN,<br><br>Plaintiff,<br><br>– against –<br><br>LULULEMON ATHLETICA INC.,<br><br>Defendant. | Case No. 23-cv-434 [VB]<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.      INTRODUCTION**

Plaintiff Paradise Morgan premises her complaint against Defendant lululemon athletica inc. ("lululemon") on one thing – that lululemon failed to include accessible digital labels or QR codes on its merchandise tags and labels so Plaintiff could learn more about the product including how to care for such product after purchase. Based on this allegation, Plaintiff alleges that lululemon violated Title III of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL"). Plaintiff also seeks declaratory relief.

Plaintiff's claims fail on multiple grounds.

First, lululemon does in fact have accessible QR codes on its merchandise tags and labels which provide the information Plaintiff seeks – merchandise details and care instructions. Interestingly, Plaintiff concedes this: "*In fact, Lululemon already includes QR Codes on the price tag of each and every item it sells in its stores*", but then misstates reality by claiming such QR codes are only for internal inventory purposes. (Plaintiff's Compl., ¶42; *see also* Plaintiff's Compl., fn 5: "[t]he price tags attached to each product actually bear a bar code and a QR Code.") The digital QR codes were, and are, accessible to Plaintiff, and Plaintiff's failure to acknowledge this only confirms Plaintiff never attempted to scan the QR code.

Second, even if Plaintiff's Complaint was not baseless as a matter of fact, her claims fail as a matter of law. Neither statute nor case law requires companies to alter its inventory by modifying merchandise tags and labels by printing QR codes on them. Moreover, disabled individuals are not entitled to the specific auxiliary aid or service of their choice and alternative aids or services available are sufficient. For example, employee assistance in reading the tags is sufficient – as Plaintiff notes, she lives near, and regularly visits, several lululemon stores. (Plaintiff's Compl., ¶5.)

Third, Plaintiff's declaratory relief cause of action fails because declaratory relief is a remedy, not a cause of action.

At best, Plaintiff is grasping at straws. At worst, Plaintiff is intentionally filing a frivolous action and compromising the spirit and intent of the ADA, the NYSHRL, the NYSCRL, and the NYCHRL. Accordingly, lululemon respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a visually-impaired and legally blind individual who requires the use of her smartphone and its text-to-voice features to access QR Codes on product labels and packaging information on store merchandise. (Plaintiff's Compl., ¶2.) lululemon sells apparel and other merchandise. (Plaintiff's Compl., ¶6.) **lululemon's product labels and/or tags contain QR Codes, which are accessible to the public including Plaintiff and contain the exact type of information Plaintiff seeks**. (Plaintiff's Compl., ¶42; see also fn 5.) Plaintiff confirms that she is aware of the QR Codes: "[t]he price tags attached to each product actually bear a bar code and a QR Code." (Plaintiff's Compl., fn. 5.)

Plaintiff alleges that she visited lululemon stores in Manhattan in November and December 2022. (Plaintiff's Compl., ¶11.) Plaintiff alleges that she wanted to purchase clothing including leggings, shirts, and hoodies, but "is concerned that she will not know how to properly wash and care for the items purchased." (*Id.*) Plaintiff admits that there were employees in stores available and responsible for helping customers but does not plead that she sought such assistance. (Plaintiff's Compl., ¶39.)

If Plaintiff would have sought assistance from such employees or accessed the QR Codes that are "on the price tag of each and every item [lululemon] sells in its stores", Plaintiff would have confirmed that the QR Codes provide the merchandise information and care instructions that Plaintiff alleges she does not have access to in her Complaint. (Plaintiff's Compl., ¶42.)

## III.    LEGAL STANDARD

This Court may dismiss a Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 558 (2007) (quotation marks and ellipses omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not [state a claim]." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted).

IV.   **LEGAL ARGUMENT**

    A.   **Plaintiff Fails to State a Viable Claim under the ADA.**

Title III of the ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff must establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant discriminated against the plaintiff within the meaning of the ADA." *Calcano v. True Religion Apparel, Inc.,* No. 19-10442, 2022 WL 973732, at *4 (S.D.N.Y. Mar. 31, 2022) (quotation marks and brackets omitted). Plaintiff cannot meet the third element of the *prima facie* case as lululemon did not discriminate against Plaintiff based on her disability within the meaning of the ADA.

First, Plaintiff's entire factual basis for her causes of action is incorrect and mandate dismissal of her Complaint. Indeed, "[l]ululemon already includes QR Codes on the price tag of each and every item it sells in its stores". (Plaintiff's Compl., ¶42.) These QR codes provide those who are visually impaired or blind, like Plaintiff, with the ability to scan and access merchandise information and post-purchase care instructions –the exact relief Plaintiff seeks.

Further, even if lululemon did not have accessible QR Codes, or if the QR Codes are not exactly as Plaintiff requests, under the ADA, Plaintiff is not entitled to obtain the auxiliary aid or

- 4 -

service of her choice. Rather, "the ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication." 28 C.F.R. § 36.303(c)(1)(ii). Indeed, "[t]he auxiliary aid requirement is a flexible one," under which "[a] public accommodation can choose among various alternatives as long as the result is effective communication." *Dominguez v. Banana Republic, LLC,* No. 19-10171, 2020 WL 1950496, at *10 (S.D.N.Y. Apr. 23, 2020) (quoting 28 C.F.R. Pt. 36, App'x C § 36.303).

Under Title III, there are multiple permissible auxiliary aids and services, including: "[q]ualified readers" among "effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b)(2). This also includes waiters in a restaurant who are made available to read menus, even if a patron prefers menus in Braille and sales personnel in a clothing boutique to provide price information orally upon request, even if a customer prefer Braille price tags. *Dominguez v. Athleta LLC,* 2021 WL 918314, at *5 (quoting 28 C.F.R. pt. 36, App'x C § 36.303).[1]

Likewise, here, Plaintiff cannot adequately plead that digital labels like QR codes are necessary auxiliary aids or services, when she admits that there were employees in stores to verbally answer questions about lululemon products. (Plaintiff's Compl., ¶39.) Plaintiff's failure to take advantage of the auxiliary aid or service available does not entitle her to the aid or service of her choice. (*Id.*)

Title III also does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities."

---

[1] *See also* DOJ, *Guide for Places of Lodging: Serving Guests Who Are Blind or Who Have Low Vision* (Feb. 24, 2020), *available at* https://archive.ada.gov/lodblind.htm (stating that, for "guests who are blind or who have low vision," gift shops should "[o]ffer assistance with locating items and reading price tags").

28 C.F.R. § 36.307(a).² "Examples of accessible or special goods include items such as Brailled versions of books, books on audio cassettes, closed-captioned video tapes, special sizes or lines of clothing, and special foods to meet particular dietary needs." 28 C.F.R. § 36.307(c). In implementing Title III of the ADA, the Department of Justice ("DOJ") explains that "[t]he purpose of the ADA's public accommodations requirements is to ensure accessibility to the goods offered by a public accommodation, not to alter the nature or mix of goods that the public accommodation has typically provided." 28 C.F.R. Pt. 36, App'x C § 36.307.

For example, "a bookstore ... must make its facilities and sales operations accessible to individuals with disabilities, but is not required to stock Brailled or large print books," and, "[s]imilarly, a video store must make its facilities and rental operations accessible, but is not required to stock closed-captioned video tapes." *Id.* Likewise, "[t]he ADA does not require that manufacturers provide warranties or operating manuals that are packed with the product in accessible formats." ADA Title III Technical Assistance Manual § III-4.2500, *available at* https://archive.ada.gov/taman3.html.

Similarly, retailers such as lululemon need to make their stores accessible to individuals with disabilities but is not required to alter its merchandise to include QR Codes, accessible operating manuals, Braille, close-captioning, etc. for its products.³

---

² "As the agency directed by Congress to issue implementing regulations, *see* 42 U.S.C. § 12186(b), to render technical assistance explaining the responsibilities of covered individuals and institutions, § 12206(c), and to enforce Title III in court, § 12188(b), the Department's views are entitled to deference." *Bragdon v. Abbott*, 524 U.S. 624, 646 (1998).

³ Plaintiff's argument that the tags and labels are "part of the merchandise" does not change the clear, analogous examples provided by the DOJ in its interpretation and implementation of the ADA.

### B. Plaintiff Also Fails to State a Claim under the NYSHRL, the NYSCRL and the NYCRL.

Plaintiff's disability discrimination claims under the NYSHRL, NYSCRL, and NYCHRL are premised on the same facts as her claim under the ADA. The NYSHRL, NYSCRL, and NYCHRL are governed by the same standards that govern her federal ADA claim. *See, e.g., Ogbolu v. Trustees of Columbia Univ. in City of N.Y.*, No. 21-1697, 2022 WL 280934, at *6 (S.D.N.Y. Jan. 31, 2022) (stating that Title III, NYSHRL, and NYSCRL claims "are analyzed under the same legal standards," and holding that the NYCHRL claim that was "premised on the same set of behavior as the other claims ... therefore fail[ed] for the same reasons"). Because Plaintiff's ADA claim fails, her NYSHRL, NYSCRL, and NYCHRL claims necessarily fail as well. Accordingly, Plaintiff's NYSHRL, NYSCRL, and NYCHRL claims should be dismissed.

### C. Plaintiff's Claim for Declaratory Relief Must Be Dismissed.

Plaintiff's cause of action for declaratory relief must be dismissed because declaratory relief is "a remedy, not a cause of action." *Chiste v. Hotels.com L.P.*, 756 F.Supp.2d 382, 406 (S.D.N.Y.2010) ("Declaratory judgments . . . are remedies, not causes of action.") (citations omitted).

### V. CONCLUSION

For the foregoing reasons, lululemon respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: May 5, 2023
New York, New York

    Respectfully submitted,

    **SQUIRE PATTON BOGGS (US) LLP**
    Attorneys for Defendant

- 8 -

        By: /s/ Katharine J. Liao
           Katharine J. Liao
           Lauren Herz-DerKrikorian
           1211 Avenue of the Americas, 26th Floor
           New York, NY 10036
           Tel.: 212-872-9804
           Email: katharine.liao@squirepb.com
                     lauren.herz@squirepb.com