**SQUIRE PATTON BOGGS (US) LLP**
Katharine J. Liao, Esq.
Lauren Herz-DerKrikorian, Esq.
1211 Avenue of the Americas, 26th Floor
New York, NY  10036
Tel. (212) 872-9800
Email:  katharine.liao@squirepb.com
             lauren.herz@squirepb.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARADISE MORGAN,<br><br>Plaintiff,<br><br>– against –<br><br>LULULEMON ATHLETICA INC.,<br><br>Defendant. | Case No. 23-cv-434 [VB]<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.     INTRODUCTION**

Defendant lululemon athletica inc. ("lululemon") hereby files this Reply Memorandum of Law in further support of its motion to dismiss Plaintiff Paradise Morgan's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 11) ("Motion").

Plaintiff spends the majority of her 20-page opposition and declaration espousing on the enhanced benefits of QR Codes, instead of meeting her burden to show that there is any legal

obligation under Title III of the Americans with Disabilities Act ("ADA") to specifically include QR codes on merchandise, or that lululemon failed to meet is legal obligation in any way[1].

Importantly, as confirmed in its Motion, lululemon does have accessible QR codes on its merchandise tags and labels which provide those visually impaired or blind, like Plaintiff, with the ability to scan and access merchandise information and post-purchase care instructions – the exact relief Plaintiff seeks.

Notwithstanding Plaintiff's baseless claims as a matter of fact, Plaintiff also identifies no legal authority stating that digital labels or QR codes are required under the ADA. Indeed, none of the arguments made by Plaintiff, the legislative history, text or interpretation of the ADA supports the tortured reading that Plaintiff proposes. To the contrary, the plain language of the ADA and its implementing regulations make clear that lululemon is under no obligation to provide the *exact* accommodations that Plaintiff is demanding.

lululemon's Motion establishes the following, each of which are fatal as a matter of law:

1. The ADA does not require public accommodations to alter its inventory by modifying tags and labels by printing digital labels on them.

2. Plaintiff has failed to plead – as she must – that digital labels are necessary to ensure effective communication.

---

[1] Plaintiff also argues that lululemon's association with a trade association, the American Apparel & Footwear Association ("AAFA"), that requested Congress to allow that labeling information mandated by the Wool Products Labeling Act, 15 U.S.C. § 68; the Textile Products Identification Act, 15 U.S.C. § 70; and the Care Labeling of Textile Wearing Apparel and Certain Piece Goods as Amended Rule, 16 C.F.R. Part 423 "be delivered to consumers through digital labels" undermines Defendant's Motion. (Dkt. 13, Opp'n at 4–5.) However, lululemon does provide digital labels, so Plaintiff's argument here is not only misplaced but also moot. Moreover, Plaintiff fails to explain how the AAFA's request for Congress to pass legislation updating wool and textile labeling laws means that Title III of the ADA or New York state and/or city law require digital labels.

3. Disabled individuals are <u>not</u> entitled to the specific auxiliary aid or service of their choice, and alternative aids or services, such as employee assistance which Plaintiff concedes in her Complaint lululemon provides, are sufficient.

4. Plaintiff's declaratory relief claim must be dismissed because declaratory relief is a remedy, not a cause of action.

5. Because Plaintiff's claims fail under the ADA, her claims under the NYSHRL, NYSCRL and NYCHRL also fail.

On these bases, lululemon respectfully requests that the Court grant the Motion and dismiss Plaintiff's Complaint with prejudice.

## II. ARGUMENT

### A. Plaintiff Relies on Erroneous Pleading Standards.

Plaintiff relies on outdated law for the assertion that "'[t]he complaint may be dismissed only where it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.'" (Opp'n at 6) (quoting *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994)) (quotation marks and brackets omitted). However, the Supreme Court abrogated the "no set of facts" pleading standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).

### B. Plaintiff Still Has Not Stated a Viable Claim Under the ADA.

Even assuming that the allegations in the Complaint are true for purposes of the Motion, Plaintiff's Complaint fails to state an actionable claim under Title III. In her Opposition, Plaintiff concedes that to state a claim under Title III, she must allege (1) that she is disabled within the meaning of the ADA; (2) that Defendant owns, leases, or operates a place of public accommodation; and (3) that Defendant discriminated against Plaintiff by denying her a full and equal opportunity to enjoy the goods or services Defendant provides. (Opp'n at 6–7) (quoting

*Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). Plaintiff still has not established the third element.

The basis of Plaintiff's argument is that as a blind customer, she does not receive the "same benefits/convenience and critical information as a sighted customer does in their shopping experience", *because* lululemon does not offer digital labels. However, this argument fails for two critical reasons. First, as established in its Motion, lululemon does provide digital labels. These QR codes provide those who are visually impaired or blind, like Plaintiff, with the ability to scan and access merchandise information and post-purchase care instructions –the exact relief Plaintiff seeks. Plaintiff's Opposition does not even attempt to refute this. Instead, Plaintiff resorts to an anecdotal statement regarding Plaintiff's counsel and his "much younger and more tech savvy" associate who claim to have visited lululemon stores and attempted to scan the QR codes on product labels, but were unable to do so.[2] (Opp'n at 7–8.) The only thing this suggests is that Plaintiff's counsel and his associate (who are irrelevant to this matter) could not themselves scan lululemon's digital labels.

Second, even if the QR Codes lululemon provides to guests are not exactly as Plaintiff requests under the ADA, Plaintiff is not entitled to obtain the auxiliary aid or service of her choice. Even assuming, arguendo, that the Court were to construe that digital labels are a form of public accommodation, the decision as to what auxiliary aid or service to provide rests with lululemon, not Plaintiff. Title III's implementing regulations make clear that the "ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in

---

[2] Beyond its irrelevancy, the inclusion of this anecdote in her sprawling response and declaration is an inappropriate attempt by Plaintiff to supplement her Complaint through the introduction of new facts. *See O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."); *Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 609 (E.D.N.Y. 2017) ("[C]ourts in this Circuit have generally made clear that 'a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss.'").

effective communication." 28 C.F.R. § 36.303(c)(1)(ii). A Title III claim cannot rest on that allegation.

### C. In Addition to QR Codes, lululemon Provides Other Auxiliary Aids in Compliance with the ADA.

Plaintiff cannot adequately plead that digital labels like QR codes are necessary auxiliary aids or services while simultaneously admitting that there were employees available in-store to verbally answer questions about lululemon products. (Dkt. 1, Plaintiff's Compl., ¶39.) As lululemon already established in its Motion, (1) Plaintiff merely speculates that salespersons might not be able to assist her, and (2) although Plaintiff alleges in the Complaint that "she was never able to receive assistance from any salesperson," she provides no details or explanation. (Motion at 3.) Plaintiff fails to address lululemon's points, and instead merely reiterates the same deficient allegations and assumptions.[3] Specifically, Plaintiff claims that finding salespersons is "challenging," and that she "did not receive any assistance" and "was unable" to get information and make a purchase, without ever alleging that she attempted to request an auxiliary aid or service like a qualified reader or that lululemon was on notice that she wanted one. (*See* Opp'n at 13; Dkt. 14, Decl. at 2.)

It is Plaintiff's burden to plead that lululemon lacks auxiliary aids and services—not lululemon's burden to prove that it has qualified readers. Therefore, Plaintiff's argument that "whether an auxiliary aid is appropriate is a fact-intensive inquiry that cannot be resolved" at this stage is also erroneous. (Opp'n at 13.) The Court need not even reach the question of which auxiliary aid is appropriate because Plaintiff has completely failed to plead facts indicating that lululemon lacks auxiliary aids or services. Plaintiff also intentionally misconstrues lululemon's

---

[3] At the same time, Plaintiff's counsel concedes that he was able to "ask[]a store employee" a question concerning lululemon's QR codes. (Opp'n at 7.) Plaintiff cannot have it both ways.

argument, claiming that lululemon "concedes" that she needs an auxiliary aid or service, and that lululemon "only protests the type of auxiliary aid." (*Id.* at 12.)

That is false. What lululemon showed is that Plaintiff inadequately pleads that her preferred auxiliary aid (digital labels and tags) is necessary, and inadequately pleads that lululemon lacks some other auxiliary aid or service, such as qualified readers, that can ensure effective communication.

### D. Plaintiff's Own Allegations Establish that She is Seeking an Alteration of lululemon's Inventory to Include Accessible Goods, which the ADA does not require.

In its Motion, lululemon established that Plaintiff's claim fails because she is demanding that lululemon alter its inventory by adding digital labels to its product tags and labels, in contravention of 28 C.F.R. § 36.307(a). Such statute states that Title III "does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities." In a failed attempt to counter this statement of law, Plaintiff makes three meritless arguments.

First, Plaintiff claims that labels and tags are not inventory because they are not "standalone items for purchase." (Opp'n at 10.) However, labels and tags are a part of and indivisible from the garments that lululemon sells, so that ordering lululemon to stock garments with digital labels and tags instead of those without digital labels and tags constitutes an alteration of inventory. Plaintiff admits that the tags and labels are "attached to the products," "part of the merchandise," and even "imprinted on the garment itself." (Plaintiff's Compl., ¶¶36, 42.) Even if one considers labels and tags as somehow separate from the garments, Plaintiff's claim fails, because lululemon still would need to detach the labels and tags from, or reprint them on, the garments, which would in turn alter its inventory of garments.

- 7 -

Plaintiff also cites no authority to support her argument that labels and tags would fall under 28 C.F.R. § 36.307(a) only if they are standalone items for purchase. In fact, the DOJ's technical assistance conclusively refutes Plaintiff's claim. Specifically, the DOJ's guidance regarding the rule that inventory need not be altered states that even warranties or manuals "that are packed with the product" do not need to be altered to be accessible, ADA Title III Technical Assistance Manual § III-4.2500, available at https://archive.ada.gov/taman3.html (emphasis added).

Second, Plaintiff claims that digital labels are not special goods because they are not a "special size or piece of clothing." (Opp'n at 10.) However, the regulation cites "special sizes or lines of clothing" only as "[e]xamples of accessible or special goods." 28 C.F.R. § 36.307(c) (emphasis added). The regulation does not preclude the existence of other types of accessible or special goods in the apparel industry. "[A]ccessible or special goods" are simply those "that are designed for, or facilitate use by, individuals with disabilities." *Id.* § 36.307(a). Plaintiff herself states that she wants "product information to be 'provided in an accessible format.'" (Opp'n at 10) (brackets omitted). Therefore, what Plaintiff seeks is an accessible or special good.

Finally, Plaintiff claims that "lululemon tries to liken a digital tag and a Braille writing as one in the same." (Opp'n at 10.) It is unclear what Plaintiff is referring to, because lululemon made no such statement in the Motion. To the extent that Plaintiff is referring to lululemon's citation to *Dominguez v. Athleta LLC*, No. 19-CV-10168, 2021 WL 918314 (S.D.N.Y. Mar. 10, 2021), lululemon cited this case for the proposition that it dismissed Title III claims where the plaintiff inadequately alleged that they were denied auxiliary aids, such as qualified readers. Here, Plaintiff likewise inadequately alleges that she was denied auxiliary aids. In sum, Plaintiff's arguments are inconsistent with well-settled law.

### E. Plaintiff Fails to State a Claim for Declaratory Relief.

Contrary to Plaintiff's argument, she cannot have an independent declaratory relief claim because declaratory relief is a remedy, not a cause of action. In a further attempt to improperly supplement her deficiently pled Complaint, Plaintiff now relies on the Declaratory Judgment Act ("DCA") to support her argument that declaratory relief is appropriate here. (Opp'n at 15–16.) However, the DCA is "procedural only and does not create an independent cause of action." *Knox v. Ironshore Indem. Inc.*, No. 20-CV-4401, 2021 WL 256948, at *4 (S.D.N.Y. Jan. 26, 2021) (quoting *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244-45 (2d Cir. 2012)). Because Plaintiff has failed to state a claim under the ADA, her declaratory relief cause of action must be dismissed. *See id.* (dismissing declaratory relief claim where plaintiff failed state a claim under the direct action statute); *Zyburo v. Continental Cas. Co.*, 60 F.Supp.3d 531, 534 (S.D.N.Y. 2014) (same).

### F. Plaintiff's Claims Under State and Federal Law Still Fail.

Plaintiff's arguments regarding the adequacy of her pleading under New York state and city law also fail. As established in its Motion, the NYSHRL, NYSCRL, and NYCHRL are governed by the same standards that govern her federal ADA claim. *See, e.g., Ogbolu v. Trustees of Columbia Univ. in City of N.Y.*, No. 21-CV-1697, 2022 WL 280934, at *6 (S.D.N.Y. Jan. 31, 2022) (stating that Title III, NYSHRL, and NYSCRL claims "are analyzed under the same legal standards," and holding that the NYCHRL claim that was "premised on the same set of behavior as the other claims ... therefore fail[ed] for the same reasons"). Because Plaintiff's disability discrimination claims under the NYSHRL, NYSCRL, and NYCHRL are premised on the same facts as her claim under the ADA, her NYSHRL, NYSCRL, and NYCHRL claims necessarily fail as well. Accordingly, Plaintiff's NYSHRL, NYSCRL, and NYCHRL claims should be dismissed.

Plaintiff's claim under the NYCHRL also fails for a wholly separate reason – that Plaintiff did not make her disability known. While the NYCHRL provides that it is "an unlawful

discriminatory practice" for any "provider of public accommodation," because of a disability "to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof," this obligation to provide reasonable accommodation to a disabled individual exists only when "the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code §§ 8-107(4)(a), 8-107(15)(a); *Brooklyn Ctr. for Indep. of Disabled v. Bloomberg*, 980 F. Supp. 2d 588, 642 (S.D.N.Y. 2013) (emphasis added) (reasonable accommodation required "provided that the disability is known or should have been known by the covered entity"). Plaintiff does not allege any discriminatory conduct or intent because she was never treated differently because of her disability, and she never notified lululemon's employees of her vision impairment, much less afforded lululemon the opportunity to provide a reasonable accommodation. These failures are fatal to her NYCHRL claim.

### III.   CONCLUSION

For the reasons stated in its Motion and in this Reply, lululemon respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated:   May 26, 2023
         New York, New York

                                    Respectfully submitted,

                                    **SQUIRE PATTON BOGGS (US) LLP**
                                    Attorneys for Defendant


                                    By: */s/ Katharine J. Liao*
                                        Katharine J. Liao
                                        Lauren Herz-DerKrikorian
                                        1211 Avenue of the Americas, 26th Floor
                                        New York, NY 10036
                                        Tel.: 212-872-9804
                                        Email: katharine.liao@squirepb.com
                                               lauren.herz@squirepb.com